Michele Ballard Miller (SBN 104198)
*mbmiller@cozen.com*
Jason E. Barsanti (SBN 235807)
*jbarsanti@cozen.com*
Ethan W. Chernin (SBN 273906)
*echernin@cozen.com*
COZEN O'CONNOR
101 Montgomery St, Suite 1400
San Francisco, CA 94104
Telephone: 415.644.0914
Facsimile: 415.644.0978

Attorneys for Defendants
CALAVERAS MATERIALS, INC.,
LEHIGH HANSON SERVICES LLC, and
SOUTH VALLEY MATERIALS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ADRIAN LEON and RICHARD RODRIGUEZ, JR., on behalf of themselves and on behalf of all persons similarly situated,

Plaintiffs,

vs.

CALAVERAS MATERIALS, INC., a California Corporation; LEHIGH HANSON SERVICES LLC, a Limited Liability Company; SOUTH VALLEY MATERIALS, INC., a Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.:

**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1332(D)(2), 1441, 1446, AND 1453**

Complaint filed: April 5, 2021
Removed: June 25, 2021



COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

# TABLE OF CONTENTS

Page


I. PLEADINGS, PROCESS AND ORDERS ..... 1
II. THIS COURT HAS JURISDICTION ..... 2
III. VENUE IS PROPER ..... 3
IV. DEFENDANT HAS SATISFIED THE REQUIREMENTS FOR REMOVAL ..... 3
- A. This Removal Petition is Timely ..... 3
- B. The Procedural Requirements of Removal Are Met ..... 3

V. THIS COURT HAS JURISDICTION UNDER CAFA ..... 4
- A. Plaintiff Asserts A Class Action Against Defendant ..... 5
- B. The Number of Putative Class Members Exceeds 100 ..... 5
- C. Defendants are not a Governmental Entity ..... 6
- D. There Is Diversity Between At Least One Class Member And Any One Defendant ..... 6
- E. The Amount in Controversy Exceeds $5,000,000 ..... 7
  - i. Plaintiff's Third Cause of Action (Unpaid Overtime Wages) ..... 9
  - ii. Plaintiff's Fourth Cause of Action (Unpaid Meal Premiums) ..... 10
  - iii. Plaintiff's Fifth Cause of Action (Unpaid Rest Premiums) ..... 11
  - iv. Plaintiff's Sixth Cause of Action (Non-compliant Wage Statements) ..... 12
  - v. Plaintiff's Seventh Cause of Action (Unreimbursed Business Expenses). 13
  - vi. Plaintiff's Eighth Cause of Action (Final Wages Not Timely Paid) ..... 13
  - vii. Minimum Amount in Controversy for Plaintiff's Claims ..... 14
  - viii. Attorney's Fees ..... 14

VI. CONCLUSION ..... 15


COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bahrampour v. Lampert*,
356 F.3d 969 (9th Cir. 2004) .......... 2

*Bodner v. Oreck Direct, LLC*,
No. C 0604756, 2006 WL 2925691 (N.D. Cal. Oct. 12, 2006) .......... 5

*Cortez v. Purolator Air Filtration Products Co.*,
23 Cal. 4th 163 (2000) .......... 9

*Dart Cherokee Basin Operating Co. v. Owens*,
135 S.Ct. 547 (2014) .......... 4

*Ehrman v. Cox Communications, Inc.*,
932 F.3d 1223 (9th Cir. 2019) .......... 6

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .......... 14

*Hertz Corp. v. Friend*,
130 U.S. 1181 (2010) .......... 7

*Johnson v. Columbia Properties Anchorage, LP*,
437 F.3d 894 (9th Cir. 2006) .......... 7

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 .......... 6

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
199 F. Supp. 2d 993 (C.D. Cal. 2002) .......... 7

*Lara v. Trimac Transp. Servs. Inc.*,
No. CV 10- 4280-GHK .......... 7

*Lewis v. Verizon Communications, Inc.*,
627 F.3d 395 (9th Cir. 2010) .......... 8

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

*Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013) .......... 14

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) .......... 3

*Pineda v. Bank of Am., N.A.*, 50 Cal.4th 1389 (2010) .......... 14

*Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982 (S.D. Cal. 2005) .......... 8

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004) .......... 8

**Statutes**

28 U.S.C. §§ 84(c)(1), 1391 and 1446 .......... 3

28 U.S.C. §§ 1331, 1332(d)(2), 1367, 1441, 1446, and 1453 .......... 1

28 U.S.C. § 1332(c)(1) .......... 7

28 U.S.C. § 1332(d)(1)(B) .......... 4

28 U.S.C. §§ 1332(d)(2)(A) .......... 6

28 U.S.C. §§ 1332(d)(2)(A), 1453 .......... 7

28 U.S.C. §§ 1332(d)(2), d(5), and (d)(6) .......... 4

28 U.S.C. § 1332(d)(5)(B) .......... 6

28 U.S.C. § 1332(d)(6) .......... 8

28 U.S.C. § 1367 .......... 2

28 U.S.C. § 1441 .......... 15

28 U.S.C. §§ 1446 and 1453 .......... 2

28 U.S.C. § 1446(a) .......... 2, 3, 4

28 U.S.C. § 1446(b) .......... 3

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

28 U.S.C. § 1446(d) .......... 3

Class Action Fairness Act of 2005 29 U.S.C. § 1332(d) .......... 2, 8

CAFA .......... *passim*

Cal. Bus. & Prof. Code §§ 17200, *et seq.* .......... 1, 9

Cal. Bus. & Prof. Code § 17208 .......... 9

Cal. Code Civ. Proc. § 338(a) .......... 14

Cal. Code Civ. Proc. § 340(a) .......... 13

Cal. Code Civ. Proc. § 382 .......... 5

California Labor Code §§ 201, 202, and 203 .......... 1

California Labor Code § 226 .......... 1, 12

California Labor Code §§ 226.7 and 512 .......... 1, 11

California Labor Code §§ 510*, et seq.* .......... 1

California Labor Code §§ 1194, 1197, and 1197.1 .......... 1

California Labor Code § 2802 .......... 1

**Other Authorities**

Federal Rules of Civil Procedure, Rule 6(a)(1)(C) .......... 3

Federal Rules of Civil Procedure Rule 11 .......... 2

Federal Rules of Civil Procedure Rule 23 .......... 4

Federal Rules of Civil Procedure Rule 8(a) .......... 4

Senate Judiciary Committee Report, S. REP. 109-14 .......... 8





COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

**PLEASE TAKE NOTICE** that Defendants CALAVERAS MATERIALS, INC. ("CMI"), LEHIGH HANSON SERVICES LLC ("LHS"), and SOUTH VALLEY MATERIALS, INC. ("SVM") (collectively, "Defendants") hereby remove to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1331, 1332(d)(2), 1367, 1441, 1446, and 1453. In support thereof, Defendants state as follows:

## I. PLEADINGS, PROCESS AND ORDERS

1. On April 5, 2021, this putative class action was commenced and is currently pending against Defendants in the Superior Court of California, County of Kings, as Case No. 21C-0105, entitled *ADRIAN LEON and RICHARD RODRIGUEZ, JR., on behalf of themselves and on behalf of all persons similarly situated, Plaintiffs, v. CALAVERAS MATERIALS, INC., a California Corporation; LEHIGH HANSON SERVICES LLC, a Limited Liability Company; SOUTH VALLEY MATERIALS, INC., a corporation; and DOES 1 through 50, inclusive, Defendants.*

2. In their Complaint, Plaintiffs Adrian Leon and Richard Rodriguez ("Plaintiffs") asserted the following causes of action: (1) unfair competition in violation of California Business & Professions Code §§ 17200, *et seq.*; (2) failure to pay minimum wages in violation of California Labor Code §§ 1194, 1197, and 1197.1; (3) failure to pay overtime wages in violation of California Labor Code §§ 510*, et seq.*; (4) failure to provide required meal periods in violation of California Labor Code §§ 226.7 and 512 and the applicable wage order; (5) failure to provide required rest periods in violation of California Labor Code §§ 226.7 and 512 and the applicable wage order; (6) failure to provide accurate itemized statements in violation of California Labor Code § 226; (7) failure to reimburse employees for required expenses in violation of California Labor Code § 2802; (8) failure to provide wages when due in violation of California Labor Code §§ 201, 202, and 203; and (9) wrongful termination in violation of public policy. (**Exhibit A**, Complaint.)

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

## II. THIS COURT HAS JURISDICTION

3. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") 29 U.S.C. § 1332(d), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred (100) members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1446 and 1453. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. Plaintiff Leon's claim for wrongful termination in violation of public policy is part of the same case or controversy as their wage and hour claims. "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together" *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). Here, Plaintiff Leon's wrongful termination claim, like his class action claim for failure to pay all wages owed at the time of termination arise out of his the common nucleus of operative facts related to his termination.

5. Pursuant to 28 U.S.C. § 1446(a), a notice of removal must: (1) be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure; (2) contain a "short and plain statement of the grounds for removal"; and (3) be accompanied by a copy of all process, pleadings, and orders served on Defendant in the action.

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

**III. <u>VENUE IS PROPER</u>**

6. With respect to this petition for removal, venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(1), 1391 and 1446, this action was originally brought in the Superior Court of California for the County of Kings (Case No. 21C-0105).

**IV. <u>DEFENDANT HAS SATISFIED THE REQUIREMENTS FOR REMOVAL</u>**

**A. <u>This Removal Petition is Timely</u>**

7. Plaintiff personally served the Summons and Complaint on Defendants on May 26, 2021, as attested by the Notice of Service of Process in "**Exhibit A.**" Pursuant to 28 U.S.C. section 1446(b) and Federal Rule of Civil Procedure, Rule 6(a)(1)(C), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendants were served with the Summons and Complaint and within one (1) year after commencement of this action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999) (30-day removal period runs from the service of the summons and complaint).

**B. <u>The Procedural Requirements of Removal Are Met</u>**

8. On June 23, 2021, prior to the filing of Defendants' Notice of Removal, Defendants filed and served an Answer to Plaintiffs' Complaint in the Superior Court of California, County of Kings. A true and correct copy of the Answer and the accompanying proof of service is attached as "**Exhibit B**." Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant are attached as "**Exhibit A**" to this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a "Notice to State Court and Adverse Parties of Removal of Action" (to include a copy of this Notice of Removal and all Exhibits) will be promptly filed with the Clerk of the Superior Court in Kings County, and served on all other parties to this action.



COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

## V. THIS COURT HAS JURISDICTION UNDER CAFA

9. In its decision in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014), the United States Supreme Court clarified the standards applicable to notices of removal in CAFA cases, confirming a liberal standard in favor of a removing defendant. Specifically the Supreme Court found that the similarity of language between the removal statute and Rule 8(a) can only mean that the same liberal pleading standards applied to complaints must also apply to notices of removal. *Id*. The Supreme Court also held in *Dart* that a removing defendant is **not required** to include evidence with its pleading in order to establish that the elements of federal subject matter jurisdiction are met. *Id.* at 552-553. Only if the Court or another party challenges jurisdiction should the Court require a removing defendant to prove, under the applicable "preponderance" standard, that the jurisdictional requirements are met. "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554. In addition, there exists no "presumption against removal" in CAFA cases, because CAFA was specifically enacted by Congress "to facilitate adjudication of certain class actions in federal court." *Id.*

10. Under CAFA, federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), d(5), and (d)(6). CAFA applies to certain "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B).



COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

**A. Plaintiff Asserts A Class Action Against Defendant**

11. Plaintiffs plainly bring this lawsuit as a class action. The Complaint itself is titled "CLASS ACTION COMPLAINT", Plaintiffs state in the very first paragraph that Plaintiffs bring this action against Defendants "on behalf of themselves and all other similarly situated current and former employees, and further state that "Plaintiffs bring this Class Action on behalf of themselves and a California claim." (**Exhibit A**, Complaint at Caption, unnumbered opening paragraph, ¶ 10.) Accordingly, CAFA applies. *E.g.*, *Bodner v. Oreck Direct, LLC*, No. C 0604756, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiffs' complaint alleges that the action is a class action, and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382").

**B. The Number of Putative Class Members Exceeds 100**

12. Plaintiffs seeks to represent a class of "all individuals who are or previously were employed by Calaveras Materials, Inc. and/or Lehigh Hanson Services LLC, and/or South Valley Materials, Inc. and classified as non-exempt employees…at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court…" (the "Class"). (**Exhibit A**, Complaint at ¶ 10.) Plaintiffs allege that at all times relevant, Defendants constituted a single entity, who was the "employer" of Plaintiffs and of the Putative Class Members. (**Exhibit A**, Complaint at ¶¶ 1-9, 13-27.)

13. Although Plaintiffs' Complaint does not allege a specific number of persons who meet their proposed class definition, based upon inspection of Defendants' employment records the number of individuals collectively employed by Defendants as non-exempt employees in California during the time period from April 5, 2017 to the present exceeds 1,300. Thus, as defined in the Complaint, the putative class exceeds 100.

**C. Defendants are not a Governmental Entity**

14. Under 28 U.S.C. § 1332(d)(5)(B), CAFA does not apply to class actions where "primary Defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

15. CMI and SVM are corporations incorporated in California and LHS is a limited liability company formed under the laws of the State of Delaware, and are not a state, state official or other government entity exempt from CAFA.

**D. There Is Diversity Between At Least One Class Member And Any One Defendant**

16. CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff and LHS are citizens of different states.

17. Plaintiffs' Complaint is silent as to their citizenship and the citizenship of LHS. (**Exhibit** A, Complaint.) However, "[a]bsent unusual circumstances, a party seeking to invoke jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857. Based upon their addresses on file with Defendants, or any of them, Defendant alleges that Plaintiffs are domiciled in California– Leon is domiciled in the County of Kings, in the State of California, and Rodriguez is domiciled in the County of Tulare, in the State of California, and that all putative class members are similarly domiciled in California. *See Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) ("We hold only that Cox's jurisdictional allegations, which provided a short and plain statement of the parties' citizenships based on information and belief, satisfied Cox's burden of pleading minimal diversity" under CAFA for purposes of removal). Therefore, Plaintiffs are citizens of California for diversity purposes.

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

18. Conversely, LHS is not citizen of California. It is citizen of Delaware and Texas. For diversity purposes, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of LHS is Lehigh Hanson, Inc., a corporation incorporated in the State of Delaware, with its principal place of business in Texas. A corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." See *Hertz Corp. v. Friend,* 130 U.S. 1181, 1192-93 (2010). At the time this action was commenced in state court, Lehigh Hanson, Inc. was, and remains, a Delaware corporation with its principal place of business in Texas, where it has its corporate offices and headquarters and where its executive and administrative functions are located.

19. Accordingly, the named Plaintiffs are citizens of a state different from LHS, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E. The Amount in Controversy Exceeds $5,000,000[1]**

20. CAFA's $5,000,000 threshold for the "amount in controversy," is not the same as the amount ultimately recovered. *Lara v. Trimac Transp. Servs. Inc.*, No. CV 10- 4280-GHK JCx, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010). Rather, in assessing the amount in controversy, courts must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what

[1]The alleged damage calculations set forth in the instant Notice of Removal are provided for purposes of removal only and based on the presumption of truth to which Plaintiffs' allegations are entitled. Defendant denies that Plaintiffs or any putative class member is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiffs' claims and their alleged damages at every stage of this case.

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

amount is put "in controversy" by the plaintiffs' complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). After all, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Additionally, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated"); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint") (citations omitted).

21. Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14 at 42. In addition, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14 at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case … **[Section 1332(d)] should be read broadly, with a strong preference that interstate class actions should be heard in federal court if removed by the defendant**." (emphasis added)]

22. In calculating the amount in controversy, the claims of class members may be aggregated to determine whether the amount in controversy has been satisfied. 28 U.S.C. § 1332(d)(6).

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

23. Plaintiffs' Complaint alleges that the total amount in controversy is under $5,000,000. However, as demonstrated herein, Plaintiffs' allegations, when accepted as true, place more $5,000,000 in controversy in this lawsuit. By demonstrating that the amount in controversy exceeds the CAFA threshold, Defendant in no way concedes the validity of Plaintiff's claims in any respect or the likelihood that Plaintiff will obtain certification or recover anything.

24. Plaintiff's First Cause of Action alleges violation of the California Unfair Competition Law ("UCL"), Business and Professions Code § 17200, *et seq.* (*See* **Exhibit A**, Complaint ¶¶ 86 - 96.) Alleging a UCL violation extends the statute of limitations on certain of Plaintiff's wage claims from three to four years. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolator Air Filtration Products Co.,* 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL); (*See also* **Exhibit A**, Complaint, at Prayer for Relief, 1.D (specifically seeking to recover restitution under the UCL).)

i. Plaintiff's Third Cause of Action (Unpaid Overtime Wages)[2]

25. Plaintiffs' third cause of action alleges that Defendants required Plaintiffs and other Putative Class Members to work in excess of eight (8) hours in a day and/or twelve (12) hours in a workday, and/or forty (40) hours in a week without paying overtime wages to Plaintiffs and other Putative Class Members. (**Exhibit A**, Complaint at ¶¶ 14 and 79.) Plaintiffs also allege that Defendants failed to correctly calculate the regular rate of pay for purposes of paying the proper overtime rate. (**Exhibit A**, Complaint at ¶ 16.)

26. Plaintiffs' allegations with respect to their overtime claims do not adequately state the number of hours of overtime worked, the amount of overtime owed, or even whether the class members were denied the whole of the time-and-a-half their regular rate owed them or, instead, whether they were paid straight time for

2 At this time, the amount placed in controversy with respect to Plaintiffs' second cause of action for unpaid minimum wages is too difficult to calculate based on Plaintiffs' nebulous allegations.

hours worked beyond eight (8) or twelve (12) in a day or forty (40) in a week and therefore they are merely seeking the remaining half-time their regular rate. (**Exhibit A**, Complaint at ¶¶ 78-94.) For that reason, Defendant bases its calculations on the lower of each possibility for purposes of determining the amount in controversy.

27. Defendant's calculations are based on the following information obtained from Defendant's payroll data:

- During the class period starting with April 5, 2017 and proceeding to the present, Defendant employed approximately 1,352 Putative Class Members and worked at least 176,000 workweeks.
- During the class period starting with April 5, 2017 and proceeding to the present, the average hourly rate of pay for Putative Class Members was approximately $29.90. Thus, the pay rate for calculating the amount in controversy for Plaintiff's second cause of action is at least $14.95 per hour of overtime worked ($9.00).[3]
- During the class period starting with September 24, 2016 and proceeding to the present, Putative Class Members worked at least 40,900 overtime hours.
- Thus, assuming Defendants failed to properly pay for each such overtime, Plaintiffs' alleged damages would equal **$611,455** based on a calculation of 40,900 overtime hours x $14.95 per hour of overtime worked.

ii. <u>Plaintiff's Fourth Cause of Action (Unpaid Meal Premiums)</u>

28. With respect to their meal period claim, Plaintiffs allege that they and Putative Class Members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

[3] This rate interprets Plaintiffs' allegations to mean that they are only seeking overtime at the rate of .5 times the regular hourly rate based on the allegation that they and the Putative Class Members were not paid a premium for their overtime hours worked. If their vague allegations are intended to claim that they and Putative Class Members were not paid **at all** for their overtime hours worked, the amount in controversy for their third cause of action would increase.



COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

(**Exhibit A**, Complaint at ¶¶ 96-97.). Plaintiffs further alleges that one of the common questions of fact in this case is whether Defendants violated "Cal. Lab. Code §§ 226.7 and 512, by failing to provide Plaintiffs and the other members of the California Labor Sub-Class with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and legally required off-duty rest breaks" (**Exhibit A**, Complaint at ¶ 45.d.). And that Defendant failed to pay Plaintiff and Putative Class Members one additional hour of pay at the employee's rate of compensation for each work day that a compliant meal period is not provided. (**Exhibit A**, Complaint at ¶ 45.a.) Plaintiff further alleges that Defendant systematically engaged in unlawful conduct in violation of the California Labor Code and ICW Wage Orders by not providing Putative Class Members with meal breaks. (**Exhibit A**, Complaint at ¶ 97.) Plaintiffs seeks to recover unpaid meal period premium payments. (**Exhibit A**, Complaint at Prayer for Relief, ¶ 2.C.).

29. Based on a review of Defendant's records, Putative Class Members' shifts regularly exceeded five (5) hours per day. Indeed, the rate at which the Putative Class Members worked shifts exceeding five (5) hours was greater than once per workweek.

30. Thus, based on Plaintiffs' allegation that they and the Putative Class Members were systematically denied legally-compliant meal periods when they worked more five (5) hours in a shift, coupled with the frequency of which Putative Class Members actually worked five or more hours in a workweek, the amount in controversy for Plaintiffs' fourth cause of action for meal period premiums is equal to **$1,766,769**.

iii. <u>Plaintiff's Fifth Cause of Action (Unpaid Rest Premiums)</u>

31. With respect to their rest period claim, Plaintiffs allege that they and other class members did not receive a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof because they were not authorized to

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

take their rest periods in that they had to work through their rest periods and/or were not permitted to leave Defendants' premises. (**Exhibit A**, Complaint at ¶ 18.). As noted in the preceding section, Plaintiff further alleges that Defendant systematically engaged in unlawful conduct in violation of the California Labor Code and ICW Wage Orders by not providing Putative Class Members with rest breaks. (**Exhibit A**, Complaint at ¶¶ 97.) Plaintiff seeks to recover unpaid rest period premium payments. (**Exhibit A**, Complaint at Prayer for Relief, ¶ 2.C.).

32. Based on a review of Defendant's records, the shifts of the Putative Class Members regularly exceeded four (4) hours per day. Indeed, the rate at which the Putative Class Members worked shifts exceeding four (4) hours was greater than once per workweek.

33. Thus, based on Plaintiff's allegation that he and the Putative Class Members were denied legally-compliant rest periods when they worked more than four (4) hours in a shift, coupled with the frequency of which Plaintiff and the Putative Class Members actually worked four or more hours in a workweek, the amount in controversy for Plaintiff's fourth cause of action for rest period premiums is equal to **$12,014,479**. Accordingly, alone Plaintiffs' Fifth Cause of Action satisfies the minimum amount in controversy for diversity jurisdiction.

iv. <u>Plaintiff's Sixth Cause of Action (Non-compliant Wage Statements)</u>

34. With respect to their non-compliant wage statement claims, Plaintiffs alleges, without qualification, that Defendant failed to provide Plaintiff and the Putative Class Members with complete and accurate wage statements. (**Exhibit A**, Complaint at ¶105.) Again, Plaintiff further alleges that Defendant systematically engaged in unlawful conduct in violation of the California Labor Code and ICW Wage Orders by not furnishing Putative Class Members with accurate wage statements. (**Exhibit A**, Complaint at ¶¶ 90.) Under the Labor Code section 226, the penalty for



COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

non-compliant wage statements is $50 for the initial pay period in which a violation occurs and $100 for subsequent pay periods, up to maximum of $4,000 per affected employee. (**Exhibit A**, Complaint at ¶ 77.) Claims for non-compliant wage statements are subject to a one-year statute of limitations. *See* Cal. Code Civ. Proc. § 340(a).

35. During the one-year preceding filing, Defendant employed more than 1,000 Putative Class Members in the State of California. Accordingly, with twenty-six (26) pay periods at issue, the amount in controversy for Plaintiff's fifth cause of action for inaccurate wage statements is **$2,058,021**.

v. <u>Plaintiff's Seventh Cause of Action (Unreimbursed Business Expenses)</u>

36. With respect to their seventh cause of action for unreimbursed business expenses, Plaintiffs allege that Plaintiffs and Putative Class Members were required by Defendants to use their own personal cellular phones for business purposes and were not reimbursed for the cost thereof. (**Exhibit A**, Complaint at ¶¶ 24 and 109.) Plaintiffs seek to recover each employees' unreimbursed expenses. (**Exhibit A**, Complaint at ¶¶ 110, Complaint at Prayer for Relief, ¶ 2.F.)

37. Based upon a review of Defendants' employment records, the Putative Class Members worked approximately 40,177 months, collectively. Assuming an average cell phone plan rate of $40 per month, the amount in controversy for Plaintiffs' unreimbursed expenses claim is **$1,767,788**, based on the calculation of the number of months collectively worked by the Putative Class Members x an average cell phone plan rate of $40 per month.

vi. <u>Plaintiff's Eighth Cause of Action (Final Wages Not Timely Paid)</u>

38. With respect to their eighth cause of action for waiting time penalties, Plaintiffs alleges, without qualification, that Defendants intentionally and willfully failed to pay Plaintiff and the other class members who were no longer employed their

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

wages within seventy-two (72) hours of termination. (**Exhibit A**, Complaint at ¶ 117.) Plaintiff seeks to recover each employee's wages which continue to accrue for 30 days following their termination. (**Exhibit A**, Complaint at ¶¶ 118, Complaint at Prayer for Relief, ¶ 2.G.) The statute of limitations on Plaintiff's waiting time penalties claim is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal.4th 1389, 1404 (2010); see also Cal. Civ. Proc. Code § 338(a).

39. Based on a review of Defendant's employment records, Defendant has had more than 580 Putative Class Members terminate their employment within the three year statute of limitations. Using the average rate of pay for the past three years according to Defendants' pay data, which is over $29.00, as the applicable rate of pay, and assuming a conservative average shift length of 6 hours, the amount in controversy for Plaintiffs' waiting time claim is more than **$3,522,400**, based on the calculation of approximately 580 terminated Putative Class Members x the average rate of pay x 6 hours x 30 days.

vii. Minimum Amount in Controversy for Plaintiff's Claims

40. Based on the foregoing, the amount in controversy for Plaintiff's claims exceeds the $5,000,000 threshold.

viii. Attorney's Fees

41. Attorneys' fees are also includable in the amount in controversy where the underlying statute authorizes an award of fees. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013). Plaintiff is seeking attorneys' fees with respect to causes of action one, five, and seven. (**Exhibit A**, Complaint at Prayer for Relief.) The Ninth Circuit has recognized 25% as an appropriate benchmark for fee awards in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under that benchmark, and based on the demonstrated amount in controversy for causes action one through seven it is reasonable to place the attorneys'

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

fees in controversy at a minimum of $5,435,228. Adding that amount to the previously calculated minimum values only serves to underscore the conclusion that this case easily exceeds the $5,000,000 threshold.

## VI. CONCLUSION

42. This Court has original jurisdiction over Plaintiffs' claims by virtue of the Class Action Fairness Act. To the extent that this Court lacks original jurisdiction over any of Plaintiffs' claims, it has supplemental jurisdiction over those claims. This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1441. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests the opportunity to submit evidence, points and authorities supporting the removal of this action.

WHEREFORE, Defendant removes the above-action to this Court.

Dated: June 25, 2021

COZEN O'CONNOR

By: *s/ Jason E. Barsanti*

Michele Ballard Miller
Jason E. Barsanti
Ethan W. Chernin
Attorneys for Defendants
Calaveras Materials, Inc., a California Corporation, Lehigh Hanson Services LLC, a Limited Liability Company, South Valley Materials, Inc., a Corporation

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104