SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
4/5/2021 6:13 PM
Michelle S. Martinez, Clerk of Court
Superior Court of the State of California
County of Kings
Deputy
Yudith Rodriguez

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
CALAVERAS MATERIALS, INC., a California Corporation; LEHIGH HANSON SERVICES LLC, a Limited Liability Company; SOUTH VALLEY MATERIALS, INC., a Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ADRIAN LEON and RICHARD RODRIGUEZ, JR., on behalf of themselves and on behalf of all persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov), *en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org), *en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
Hanford Courthouse
1640 Kings County Drive, Hanford, CA 93230

CASE NUMBER: *(Número del Caso):* 21C-0105

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal (Bar # 68687) Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

DATE: *(Fecha)* 4/5/2021 Clerk, by *(Secretario)* Yudith Rodriguez, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL] SUPERIOR COURT KINGS COUNTY STATE OF CALIFORNIA

**NOTICE TO THE PERSON SERVED:** You are served Clerk Of Court, Michelle S. Martinez

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: CALAVERAS MATERIALS, INC.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☒ by personal delivery on *(date)*: 05/~~06~~ 26/2021 DLA

Page 1 of 1

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Norman Blumenthal (Bar # 68687)
Kyle Nordrehaug (Bar # 205975)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223 FAX NO.: (858) 551-1232
ATTORNEY FOR (Name): Plaintiffs Adrian Leon and Richard Rodriguez, Jr.

FOR COURT USE ONLY

**FILED**
**4/5/2021 6:13 PM**
**Michelle S. Martinez, Clerk of Court**
**Superior Court of the State of California**
**County of Kings**
Yudith Rodriguez Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
STREET ADDRESS: 1640 Kings County Drive
MAILING ADDRESS: 1640 Kings County Drive
CITY AND ZIP CODE: Hanford 93230
BRANCH NAME: Hanford Courthouse

CASE NAME:
ADRIAN LEON et al. v. CALAVERAS MATERIALS, INC., et al.

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] **Counter** [ ] **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 21C-0105
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: NINE (9)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 5, 2021

Norman Blumenthal
(TYPE OR PRINT NAME)

/s/ Norman Blumenthal
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

FILED
4/5/2021 6:13 PM
Michelle S. Martinez, Clerk of Court
Superior Court of the State of California
County of Kings
Yudith Rodriguez, Deputy

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiffs

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF KINGS**

ADRIAN LEON and RICHARD RODRIGUEZ, JR., on behalf of themselves and on behalf of all persons similarly situated,

Plaintiffs,

vs.

CALAVERAS MATERIALS, INC., a California Corporation; LEHIGH HANSON SERVICES LLC, a Limited Liability Company; SOUTH VALLEY MATERIALS, INC., a Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 21C-0105

**CLASS ACTION COMPLAINT FOR:**

1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;
2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*;
4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,
9. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**DEMAND FOR A JURY TRIAL**

Plaintiffs Adrian Leon and Richard Rodriguez, Jr., ("PLAINTIFFS") individuals, on behalf of themselves and all other similarly situated current and former employees allege on information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

**THE PARTIES**

1. Defendant Calaveras Materials, Inc. is a California corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2. Defendant Lehigh Hanson Services LLC is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

3. Defendant South Valley Materials, Inc. is a California corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

4. PLAINTIFFS allege there has existed a unity of interest and ownership between Defendants such that any individuality and separateness between the entities has ceased and all Defendants are referred to herein as "DEFENDANT."

5. PLAINTIFF alleges that DOES 1-50 are the partners, agents, owners, or managers of DEFENDANT at all relevant times. PLAINTIFF alleges there has existed a unity of interest and ownership between Calaveras Materials, Inc., Lehigh Hanson Services LLC, and South Valley Materials, Inc. such that any individuality and separateness between the entities has ceased. Calaveras Materials, Inc., Lehigh Hanson Services LLC, and South Valley Materials, Inc. are therefore alter egos of each other. Adherence to the fiction of the separate existence of DEFENDANT would permit an abuse of the corporate privilege, and would promote injustice by protecting DEFENDANT from liability for the wrongful acts committed by them.

6. PLAINTIFF further alleges that DEFENDANT are the alter egos of each other for the following reasons:

(A) On the California Secretary of State's website (https://businesssearch.sos.ca.gov/) Calaveras Materials, Inc., Lehigh Hanson Services LLC, and South Valley Materials, Inc. have the same entity address and/or mailing address and/or Agent for Service of Process; and,

(B) On information and belief Calaveras Materials, Inc., Lehigh Hanson Services LLC, and South Valley Materials, Inc. utilize the same standardized employment forms and issue the same employment policies and same pay stubs.

7. DEFENDANT specializes in the production and supply of asphalt, ready-mix concrete and aggregates.

8. Plaintiff Leon was employed by DEFENDANT from December of 2016 to February 2, 2021 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

9. Plaintiff Rodriguez was employed by DEFENDANT from July of 2017 to February 2, 2021 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

10. PLAINTIFFS bring this Class Action on behalf of themselves and a California class, defined as all individuals who are or previously were employed by Calaveras Materials, Inc. and/or Lehigh Hanson Services LLC, and/or South Valley Materials, Inc. and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

11. PLAINTIFFS bring this Class Action on behalf of themselves and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses

incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein is an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFFS and the other members of the CALIFORNIA CLASS. PLAINTIFFS and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFFS and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

12. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFFS who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFFS is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

13. The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

**THE CONDUCT**

14. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is

required to pay PLAINTIFFS and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT required PLAINTIFFS and CALIFORNIA CLASS Members to work without paying them for all the time they were under DEFENDANT's control. DEFENDANT required PLAINTIFFS and the CALIFORNIA CLASS Members to work off the clock without paying them for all the time they performed work duties, specifically by failing to provide enough labor hours to accomplish all the job tasks that DEFENDANT expected PLAINTIFFS and CALIFORNIA CLASS Members to complete on a daily and/or weekly basis. DEFENDANT failed to pay. From time to time, DEFENDANT required PLAINTIFFS to work while clocked out during what was supposed to be PLAINTIFFS' off-duty meal break. PLAINTIFFS were from time to time interrupted by work assignments. DEFENDANT also engaged in the practice of requiring PLAINTIFFS and CALIFORNIA CLASS Members to perform work off the clock in that DEFENDANT, as a condition of employment, required these employees to submit to mandatory questionnaires for COVID-19 screening prior to clocking into DEFENDANT's timekeeping system for the workday. PLAINTIFFS and other CALIFORNIA CLASS Members were required by DEFENDANT to answer a COVID-19 questionnaire regarding any symptoms and possible exposure to COVID-19. DEFENDANT failed to pay PLAINTIFFS and other CALIFORNIA CLASS Members for their time spent performing the mandatory waiting off the clock during the shift change and completing the COVID-19 questionnaire. Even if PLAINTIFFS and other CALIFORNIA CLASS Members showed up to DEFENDANT's work place and then failed the questionnaire, DEFENDANT still failed to pay PLAINTIFFS the proper reporting time pay wages. Additionally, DEFENDANT, as a matter of established company policy and procedure, administered a practice of rounding the actual time worked and recorded by PLAINTIFFS and CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFFS and CALIFORNIA CLASS Members were paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time. As a result, PLAINTIFFS and other

CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation by from time to time working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime rates. DEFENDANT's policy and practice not to pay PLAINTIFFS and other CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANT's business records.

15. State and federal law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFFS and other AGGRIEVED EMPLOYEES were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

16. The second component of PLAINTIFFS' and other CALIFORNIA CLASS Members compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFFS and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT. The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime to PLAINTIFFS and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFFS and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a underpayment of overtime compensation to PLAINTIFFS and other CALIFORNIA CLASS Members by DEFENDANT.

17. As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members were also from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods. PLAINTIFFS and other CALIFORNIA CLASS Members were from time to time required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal

break. Further, DEFENDANT failed to provide PLAINTIFFS and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time. PLAINTIFFS and the other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

18. During the CALIFORNIA CLASS PERIOD, PLAINTIFFS and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFFS and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members were from time to time denied their proper rest periods by DEFENDANT and DEFENDANT's managers. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFFS and other CALIFORNIA CLASS Members from unconstrained walks and was unlawful based on Defendant's rule which stated PLAINTIFFS and other CALIFORNIA CLASS Members could not leave the work premises during their rest period.

19. DEFENDANT also failed to provide PLAINTIFFS and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFFS and CALIFORNIA CLASS Members were paid on an hourly basis. As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a)(2). The wage statements DEFENDANT provided to PLAINTIFFS and other CALIFORNIA CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period. DEFENDANT also violated Cal. Lab. Code Section 226(a)(8) by failing to list the correct legal entity that was the employer of PLAINTIFFS and other CALIFORNIA CLASS Members. Aside, from the violations listed above, DEFENDANT failed to issue to PLAINTIFFS an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFFS and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

20. Cal. Lab. Code § 204 provides that "[a]ll wages. . .earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Further, Cal. Lab. Code § 204(d) expressly requires employers to pay employees all wages owed within seven (7) days of the close of the payroll period. DEFENDANT from time to time failed to pay PLAINTIFFS and other CALIFORNIA CLASS Members all wages owed to them within seven (7) days of the close of the payroll period.

21. Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer

to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." DEFENDANT failed to pay all compensation due to PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from compensation payable to PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members, failed to disclose all aspects of the deductions from compensation payable to PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members, and thereby failed to pay these employees all wages due at each applicable pay period and upon termination. PLAINTIFFS and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

22. DEFENDANT underpaid sick pay wages to PLAINTIFFS and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay. Specifically, PLAINTIFFS and other non-exempt employees earn non-discretionary remuneration. Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFFS and other CALIFORNIA CLASS Members at their base rates of pay.

23. DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFFS and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFFS and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

24. In the course of their employment PLAINTIFFS and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost

associated with the use of their personal cellular phones for DEFENDANT's benefit. As a result, in the course of their employment with DEFENDANT, PLAINTIFFS and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

25. In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally and knowingly failed to compensate PLAINTIFFS and the other members of the CALIFORNIA CLASS for missed meal and rest periods. This policy and practice of DEFENDANT is intended to purposefully avoid the payment for all time worked as required by California law which allows DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

26. By reason of this conduct applicable to PLAINTIFFS and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which fails to accurately calculate and record all missed meal and rest periods and failed to pay all minimum and overtime wages due to PLAINTIFFS and other CALIFORNIA CLASS Members. The proper recording of these employees' missed meal and rest breaks is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT fails to properly calculate and/or pay all required compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

27. Specifically as to PLAINTIFFS, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to PLAINTIFFS as required by the applicable Wage

Order and Labor Code and failed to pay PLAINTIFFS all minimum and overtime wages due to PLAINTIFFS. DEFENDANT did not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFFS and also failed to compensate PLAINTIFFS for PLAINTIFFS' missed meal and rest breaks. The nature of the work performed by the PLAINTIFFS did not prevent PLAINTIFFS from being relieved of all of PLAINTIFFS' duties for the legally required off-duty meal periods. As a result, DEFENDANT's failure to provide PLAINTIFFS with the legally required meal periods is evidenced by DEFENDANT's business records. DEFENDANT also required PLAINTIFFS to work off the clock without paying PLAINTIFFS for all the time PLAINTIFFS were working for DEFENDANT and performing duties, specifically by failing to provide enough labor hours to accomplish all the job tasks that DEFENDANT expected PLAINTIFFS to complete on a daily and/or weekly basis. The amount in controversy for PLAINTIFFS individually do not exceed the sum or value of $75,000. To date, DEFENDANT has not fully paid PLAINTIFFS for all PLAINTIFFS' wages still owed to PLAINTIFFS or any penalties owed to PLAINTIFFS under California Labor Code § 203.

## JURISDICTION AND VENUE

28. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFFS and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

29. Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFFS worked in this County for DEFENDANT, and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

30. PLAINTIFFS brings the First Cause of Action for Unfair, Unlawful and

Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by Calaveras Materials, Inc. and/or Lehigh Hanson Services LLC, and/or South Valley Materials, Inc. in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

31. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

32. DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engages in a practice whereby DEFENDANT fails to record all meal and rest breaks missed by PLAINTIFFS and other CALIFORNIA CLASS Members, even though DEFENDANT enjoys the benefit of this work, requires employees to perform this work and permits or suffers to permit this work.

33. DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws. The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law. This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

34. The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

35. DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a) Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFFS and the other members of the CALIFORNIA CLASS for all time worked minimum wages owed and overtime wages owed for work performed by these employees;

(b) Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFFS and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods; and,

(c) Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

36. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a) The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c) The claims of the representative PLAINTIFFS are typical of the claims of

each member of the CALIFORNIA CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA CLASS, is classified as a non-exempt employee paid on an hourly basis who has been subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFFS and CALIFORNIA CLASS. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

37. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the

CALIFORNIA CLASS; and/or,

2) Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1) With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be

avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

38. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h) The members of the CALIFORNIA CLASS are readily ascertainable from

the business records of DEFENDANT; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

39. DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

**THE CALIFORNIA LABOR SUB-CLASS**

40. PLAINTIFFS further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by Calaveras Materials, Inc. and/or Lehigh Hanson Services LLC, and/or South Valley Materials, Inc. in California and classified as non exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

41. DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engages in a practice whereby DEFENDANT fails to correctly calculate compensation for the time worked by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoys the benefit of this work, requires employees to perform this work and permits or suffers

to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

42. DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

43. The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

44. Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a) Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b) Whether DEFENDANT failed to provide the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c) Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d) The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e) Whether DEFENDANT's conduct was willful.

45. DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

under California law by:

(a) Violating Cal. Lab. Code §§ 510, *et seq*., by failing to correctly pay the PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b) Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq*., by failing to accurately pay PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c) Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee; and,

(d) Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks;

(e) Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

46. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a) The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA

LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c) The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA LABOR SUB-CLASS, is a non-exempt employee paid on an hourly basis who has been subjected to the DEFENDANT's practice and policy which fails to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

47. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual

members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2) Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c) Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial

expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

48. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual

CALIFORNIA LABOR SUB-CLASS Members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h) The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

**(By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)**

49. PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

50. DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

51. California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

52. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California

Labor Code including Sections 204, 210, 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198 & 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

53. By the conduct alleged herein, DEFENDANT's practices are unlawful and unfair in that these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and are without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

54. By the conduct alleged herein, DEFENDANT's practices are deceptive and fraudulent in that DEFENDANT's policy and practice fails to provide the legally mandated meal and rest periods, and the required amount of compensation for missed meal and rest periods, reporting time pay, and overtime and minimum wages owed, due to a business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

55. By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and deceptive in that DEFENDANT's employment practices cause PLAINTIFFS and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

56. By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures fail to provide all legally required meal breaks to PLAINTIFFS and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

57. Therefore, PLAINTIFFS demands on behalf of themselves and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

58. PLAINTIFFS further demands on behalf of themselves and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

59. By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

60. All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

61. PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

62. PLAINTIFFS and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

63. PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

**SECOND CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

64. PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

65. PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay reporting time and minimum wages to PLAINTIFFS and CALIFORNIA CLASS Members.

66. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

67. Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

68. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including reporting time pay and minimum wage compensation and interest thereon, together with the costs of suit.

69. DEFENDANT maintains a wage practice of paying PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of

time they work. As set forth herein, DEFENDANT's policy and practice is to unlawfully and intentionally deny timely payment of wages due to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS.

70. DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

71. In committing these violations of the California Labor Code, DEFENDANT inaccurately calculates the correct time worked and consequently underpays the actual time worked by PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

72. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive the correct reporting time pay and minimum wage compensation for their time worked for DEFENDANT.

73. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are paid less for time worked that they are entitled to, constituting a failure to pay all earned wages. DEFENDANT fails to accurately pay the PLAINTIFFS and members of the CALIFORNIA LABOR SUB-CLASS the wages for the time they work in accordance with 1197 & 1197.1, even though the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are regularly required, permitted or suffered to work, and do in fact work, off the clock time as to which DEFENDANT fails to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

74. By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

CLASS for the true time they work, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

75. DEFENDANT knew or should have known that PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the correct reporting time pay and minimum wages for their time worked.

76. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

77. PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

///

///

///

**THIRD CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 510, *et seq.*]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

78. PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

79. PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

80. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

81. Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

82. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including reporting time pay and minimum wage and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

83. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members are required, permitted or suffered by DEFENDANT to work for DEFENDANT and are not paid for all the time they work, including

overtime work.

84. DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime work by PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime work, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

85. In committing these violations of the California Labor Code, DEFENDANT inaccurately records overtime worked and consequently underpays the overtime worked by PLAINTIFFS and other CALIFORNIA LABOR-SUB CLASS Members. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

86. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked including overtime work.

87. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are not receiving full compensation for overtime worked.

88. Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, PLAINTIFFS bring this Action on behalf of themselves and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations

of non-negotiable, non-waiveable rights provided by the State of California.

89. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages.

90. DEFENDANT fails to accurately pay the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are required to work, and did in fact work, overtime as to which DEFENDANT fails to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

91. By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they worked, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

92. DEFENDANT knew or should have known that PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for all overtime worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

93. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

94. PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

**FOURTH CAUSE OF ACTION**

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

95. PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

96. During the CALIFORNIA CLASS PERIOD, DEFENDANT fails to provide all the legally required off-duty meal breaks to PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code. The nature of the work performed by PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS MEMBERS does not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS Members with legally

required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records. Further, DEFENDANT fails to provide PLAINTIFFS and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work. As a result, PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

97. DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who are not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

98. As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

**<u>FIFTH CAUSE OF ACTION</u>**

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

99. PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

100. PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for

some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

101. DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who are not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

102. As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

**SIXTH CAUSE OF ACTION**

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

103. PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

104. Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

105. DEFENDANT also fails to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis. As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements DEFENDANT provided to PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS

Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period. Aside, from the violations listed above, DEFENDANT failed to issue to PLAINTIFFS an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

106. DEFENDANT knowingly and intentionally fails to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

**SEVENTH CAUSE OF ACTION**

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

107. PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior

paragraphs of this Complaint.

108. Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

109. At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. DEFENDANT fails to reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for expenses which include, but are not limited to, costs related to using their personal cellular phones and personal vehicles all on behalf of and for the benefit of DEFENDANT. Specifically, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are required by DEFENDANT to use their personal cell phones to respond to work related issues. DEFENDANT's policy, practice and procedure is to not reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones and personal vehciles for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses are necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses are necessary expenses incurred by PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT fails to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

110. PLAINTIFFS therefore demands reimbursement for expenditures or losses incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

**EIGHTH CAUSE OF ACTION**

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

111. PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

112. Cal. Lab. Code § 200 provides, in relevant part, that:

> As used in this article:
> (a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
> (b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

113. Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

114. Cal. Lab. Code § 202 provides, in relevant part, that:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

115. There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

116. Cal. Lab. Code § 203 provides, in relevant part, that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall

> continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

117. The employment of PLAINTIFFS and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

118. Therefore, as provided by Cal Lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFFS demand thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## NINTH CAUSE OF ACTION

### Wrongful Termination In Violation of Public Policy

### (By Plaintiff Leon Against All Defendants)

119. Plaintiff Leon realleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

120. Subsequent to Plaintiff Leon's participation in protective activity by complaining to DEFENDANT of DEFENDANT's unlawful employment practices, DEFENDANT subjected Plaintiff Leon to adverse employment actions by retaliating against Plaintiff Leon. Specifically, after Plaintiff Leon complained to his supervisor(s), including but not limited to Luis Nunez the Fleet Manager at his work location, of DEFENDANT's unlawful employment practices in December of 2020, DEFENDANT terminated Plaintiff Leon's employment with RESPONDENT on February 2, 2021. As a result, there is a causal link between the protected activity and DEFENDANT's decision to terminate his employment, which is against public policy. In December of 2020, Plaintiff Leon complained to his supervisors of what Plaintiff Leon thought to be DEFENDANT's

breaking of the law as it related to smog tests Plaintiff Leon was performing for DEFENDANT's business. Plaintiff Leon informed DEFENDANT about such illegal smog test issues, but to no avail. As a direct consequence of Plaintiff Leon's complaints to DEFENDANT, DEFENDANT retaliated against Plaintiff Leon by terminating his employment on February 2, 2021.

121. Plaintiff Leon raised complaints of illegality while he worked for DEFENDANT and was believed to be willing to raise complaints, and DEFENDANT retaliated against him by taking adverse employment actions, including employment termination, against him.

122. As a proximate result of DEFENDANT'S willful, knowing, and intentional, Plaintiff Leon has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

123. As a result of DEFENDANT'S adverse employment actions against Plaintiff Leon, Plaintiff Leonhas suffered general and special damages in sums according to proof.

124. DEFENDANT'S misconduct was committed intentionally, in a malicious, oppressive manner, and fraudulent manner entitling Plaintiff Leon to punitive damages against DEFENDANT.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C) An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFFS and the other members of the CALIFORNIA CLASS; and,

D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

A) That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B) Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C) Meal and rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order;

D) Liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

E) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

F) The amount of the expenses PLAINTIFFS and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

G) The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3. On behalf of Plaintiff Leon for the Eighth cause of action:

A) Compensatory damages, according to proof at trial, but in excess of $25,000.

B) Special and General damages according to proof;

C) Statutory damages, penalties and attorney's fees;

D) For punitive damages in an amount necessary to make an example of and to punish DEFENDANT and deter DEFENDANT from engaging in future similar conduct;

E) For loss of earnings (both past and future); and,

F) For interest at the legal rate in an amount according to proof.

4. On all claims:

A) An award of interest, including prejudgment interest at the legal rate;

B) Such other and further relief as the Court deems just and equitable; and,

C) An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §226, §1194 and/or §2802.

Dated: April 5, 2021 BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: /s/ Norman Blumenthal
Norman B. Blumenthal
Attorneys for Plaintiff

**DEMAND FOR A JURY TRIAL**

PLAINTIFFS demand a jury trial on issues triable to a jury.

Dated: April 5, 2021 BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: /s/ Norman Blumenthal
Norman B. Blumenthal
Attorneys for Plaintiff

| SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>**COUNTY OF KINGS**<br>**1640 Kings County Drive Hanford California 93230** | FOR COURT USE ONLY<br>CONFORMED COPY<br>ORIGINAL FILED ON<br>APR 12 2021<br>MICHELLE S. MARTINEZ, CLERK OF COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF KINGS<br>DEPUTY<br>YUDITH RODRIGUEZ |
|---|---|
| PLAINTIFF: ADRIAN LEON | |
| DEFENDANT: CALAVERAS MATERIALS, INC., A CALIFORNIA CORPORATION | |
| **NOTICE OF JUDICIAL ASSIGNMENT AND CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**21C-0105** |

**TO ALL INTERESTED PARTIES**: Pursuant to the Standing Order Regarding Judicial Assignments, you are hereby notified that this case is assigned to **Kathy Ciuffini** for all purposes (i.e., motions, pre-trials, settlement conferences, trials, post review hearings).

You are further notified that a ***Mandatory Case Management Conference*** has been scheduled in this matter as set forth below. All parties must be ready to discuss all issues described in California Rule of Court, Rule 3.728.

| Date: **August 03, 2021** | Time: **10:30 AM** | **Department 7** |
|---|---|---|
| Address of the Court: **1640 Kings County Drive Hanford California 93230** | | |

**Notice to Defendant[s]:** The Case Management Conference is not a trial. You will need to preserve your rights by filing a written response within thirty [30] days of the date you were served with the Summons and Complaint. You must also have the Plaintiff served with a copy of the response you file with the court. A letter or phone call will not protect you. Your written response must be in proper legal format if you want the court to hear your case. There may be a court form that you can use for your response. If you do not do so, a judgment may be obtained against you. If a judgment is obtained prior to the Case Management Conference date, the Case Management Conference will be cancelled.

Parties are also required to meet and confer no later than thirty [30] calendar days before the above-referenced case management conference date as required in California Rule of Court 3.728

It is the plaintiff's responsibility to notify all parties of the case management conference who are not otherwise listed on the attached proof of service by mail.

All requests for telephonic appearances must be requested in writing at least 10 court days prior to the scheduled hearing.

**No later than fifteen [15] days** prior to the date set above, each party must file a Case Management Statement (Judicial Council form CM-110). If two or more parties so desire, they may file a joint case management statement.

Dated: 4/12/2021

**Michelle S. Martinez**, Clerk of Court

By: Yudith Rodriguez, Deputy Clerk

**PROOF OF SERVICE BY MAIL**
**-oOo-**

Superior Court of the State of California
County of Kings ss. } Case Number: 21C-0105

I hereby declare under penalty of perjury that I am employed by the Kings County Superior Court, over the age of eighteen (18) years, and not a party to the within action.

That on **April 12, 2021** I served the attached by placing a true copy thereof, enclosed in a sealed envelope and deposited at my place of business for collection and mailing with the United States mail at Hanford, California, following our ordinary business practices with which I am readily familiar, addressed as follows:

| | |
|---|---|
| **Norman Blumenthal**<br>**Attorney at Law**<br>**2255 Calle Clara**<br>**La Jolla, CA 92037**<br><br>**Attorney for Plaintiff** | |

Executed on **April 12, 2021,** at Hanford, California.

Michelle S. Martinez, Clerk of the Court

By: ______________________
Yudith Rodriguez, Deputy Clerk